UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC. | CIVIL ACTION |
| VERSUS | NO. 17-1435 |
| EL RANCHO SPORTS BAR & GRILL, LLC., ET. AL. | SECTION "B" |

## ORDER AND REASONS

Before the Court is Plaintiff's motion for entry of default judgment against Defendants El Rancho Sports Bar & Grill, LLC., ("El Rancho"), Virgilio Pena ("Pena"), and Felix Martinez ("Martinez"). Rec. Doc. 9. Plaintiff supplemented the record with a memorandum and an affidavit. Rec. Doc. 9-2; 9-3. For the reasons discussed below,

**IT IS ORDERED** that the Motion (Rec. Doc. 29) is **GRANTED in part** and **DENIED in part**, subject to reconsideration of damages.

**IT IS ORDERED** that **no later than July 30, 2018**, Plaintiff shall submit supplemental documentation on the issue of damages, detailing reason for amounts being requested here, including prior similar awards that Plaintiff received in related actions elsewhere; Plaintiff shall serve Defendants with that information.

Plaintiff is a distributor of closed circuit pay-per view boxing and special events in the United States. Rec. Doc. 1 ¶ 12. In order to view a closed-circuit event, the customer must pay a set fee to Plaintiff. *Id.* Plaintiff alleges that Defendants did

1

not pay the requisite fee, but unlawfully intercepted and broadcasted the "Program" (Middleweight Championship Fight; hereinafter "Program") on its premises on March 8, 2014 for commercial advantage, increased profits, and private financial gain. *See id.* ¶ 16-19; Rec. Doc. 29-1. Plaintiff further alleges that Defendants violated the Communications Act of 1934 under 47 U.S.C. § 605 (a), (e)(3)(a), (e)(4), and 18 U.S.C. § 2511 (1)(a), (5) in conjunction with § 2520 (a). Rec. Doc. 1 at 2. Next, Plaintiff alleges Defendants violated the Cable & Television Consumer Protection and Competition Act of 1992 under 47 U.S.C. § 553. *See* id. Regarding the Communications Act of 1934, Plaintiff seeks $110,000 in statutory damages from each defendant, along with fees and costs. *See id.* at 12-13. Further, under the Cable & Television Consumer Protection and Competition Act of 1992, Plaintiff seeks $60,000 in statutory damages from each defendant, along with fees and costs. *Id.*

Defendant El Rancho was served on April 2, 2017, with the original complaint (Rec. Doc. 1), making its answer due on April 23, 2017. Rec. Doc. 6. Defendant Pena was served on December 14, 2017, making his answer due on January 4, 2018. Rec. Doc. 26. To date, neither El Rancho or Pena has filed an answer or responsive pleadings, nor have they been in communication with opposing counsel. *See* Rec. Doc. 29 ¶ 8. Defendant Martinez has not been served. Rec. Doc. 25. Plaintiff's motion for entry of default, as

to El Rancho, was granted by the Clerk of Court on June 26, 2017, over a month after its response was due to Plaintiff's complaint. Rec. Doc. 10. Plaintiff later moved for entry of default on Defendant Pena, and the Clerk of Court granted the entry on January 12, 2018, eight days after a responsive pleading was due. Rec. Doc. 28. Plaintiff submitted a memorandum in support of default judgment. *See* Rec. Doc. 29-2.

**LAW AND ANALYSIS**

Federal Rule of Civil Procedure 55 governs the entry of defaults and default judgments. When a plaintiff believes that a defendant is in default, it must first seek an entry of default under Rule 55(a). *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). If the Clerk of Court enters a default, the plaintiff may then seek entry of default judgment under Rule 55(b). *Id*. Entry of default judgment is discretionary; "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default. In fact, default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations" *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (internal quotation marks and citations omitted).

Before determining whether to enter default judgment against El Rancho and Pena, the Court must confirm it has jurisdiction over the parties and the case. A federal district court has

3

original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Plaintiff claims this Court has jurisdiction through federal question under 28 U.S.C. § 1331. *See* Rec. Doc. 23 ¶ VII. Plaintiff alleges the Communications Act of 1934 (47 U.S.C. § 605 et seq.), 18 U.S.C. §§ 2511(1)(a), (5), and 2520(a), and the Cable and Television Consumer Protection and Competition Act of 1992 (47 U.S.C. § 553 et seq.) were violated by Defendants. Rec. Doc. 1 at 2. It follows that the Court has jurisdiction over this matter. *See* 28 U.S.C. § 1331.

Even if Plaintiff's alleged claims do not arise under 28 U.S.C. § 1331, the Court would obtain jurisdiction through diversity jurisdiction. *See* Rec. Doc. 1 at 2. Diversity jurisdiction exists when all plaintiffs are diverse from all defendants and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. Plaintiff is a corporation under the laws of the State of California with its principal place of business in California. Rec. Doc. 1. Defendant El Rancho is a Louisiana limited liability company with its registered office in Jefferson Parish, Louisiana. *See id*. Defendant Pena is a resident and domiciled in Harvey, Jefferson Parish, Louisiana. Rec. Doc. 23 ¶ IV. Defendant Martinez is a resident and domiciled in Harvey, Jefferson Parish, Louisiana. *Id* at ¶ V. Plaintiff asserts the amount in controversy

exceeds $75,000. Rec. Doc. 1 at 12-13. Therefore, the Court would have diversity jurisdiction.

Next, the question of personal jurisdiction must be addressed. "Serving a summons establishes personal jurisdiction over a defendant who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(k)(1)(A). As previously stated, Defendants are residents and domiciled in Jefferson Parish, Louisiana. *See* Rec. Doc. 1; 23. Defendants are therefore subject to general jurisdiction to the State of Louisiana. More specifically, the United States District Court of the Eastern District of Louisiana is the proper venue for these defendants because "a civil action may be brought in a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). It follows that this Court has personal jurisdiction over the Defendants.

In order for this Court to enter a default judgment it must confirm that the defendants were properly served. "An individual may be served . . . by leaving a copy of [the summons and complaint] at the individual's dwelling . . . with someone of suitable age and discretion who resides there[,] or delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2). Plaintiff served El Rancho

through its authorized agent, Virgilio Pena, on February 22, 2017. Rec. Doc. 6. Plaintiff served Defendant Pena at his residence, leaving the summons with his wife. Rec. Doc. 26. Plaintiff unsuccessfully executed service upon Defendant Martinez because his latest address is unknown. Rec. Doc. 25.

Here, Defendants El Rancho and Pena appeared to have received proper service under Fed. R. Civ. P. 4(e)(2) and are presumably aware of the pending action. *See* Rec. Doc. 6; 26. However, Defendant Martinez has not been served with process (Rec. Doc. 25) and therefore cannot be held liable or have a default judgment entered against him. Until Martinez is properly served, Plaintiff cannot obtain a default judgment against him. *See Broadcast Music, Inc. v. M.T.S. Enterprises, Inc.*, 811 F.2d 278, 282 (5th Cir. 1987). It follows that El Rancho and Pena can have a default judgment entered against them if Plaintiff's allegations are well-pleaded. *See Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

In Plaintiff's motion for default judgment, it argues that Defendants unlawfully and willfully intercepted, published and/or broadcasted the "Program" on El Rancho's premises. *See* Rec. Doc. 1. Plaintiff asserts that it keeps accurate records of all entities who purchase a license to televise an event, and that Defendants did not pay to receive a license for the Program. Rec. Doc. 29-1. Plaintiff submitted an affidavit that provides detailed

observations of the Program, El Rancho, and the number of persons present. *See* Rec. Doc. 29-7. Plaintiff further alleges that broadcasting this fight illegally led to the possibility of increased profits, private financial gain, and commercial advantage for Defendants. *See* Rec. Doc. 29-1.

Even if Plaintiff has pled sufficient facts, the Court must still evaluate whether a default judgment is appropriate. The factors used to conduct this evaluation:

> whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Here, all of the factors suggest that entry of default judgment is the appropriate outcome.

Defendants have not filed any responsive pleadings and therefore, the facts Plaintiff alleged in its complaint appear to be undisputed. *See Nishimatsu Const. Co., Ltd.*, 515 F.2d at 1206. Plaintiff has served Defendants and expended time and money to establish their claim, but Defendants have yet to file any responsive pleading which threatens to prejudice Plaintiff's interests. *See J&J Sports Productions, Inc. v. Morelia Mexican*

*Rest., Inc.*, 126 F. Supp. 3d 809, 814 (N.D. Texas 2015).[1] The grounds for default are clearly established as discussed above. There is no suggestion that Defendants' default was caused by a good faith mistake or excusable neglect. The harshness of default judgment has been mitigated due to Defendants lack of appearance and participation. The Court is unaware of any facts that would oblige itself to set aside the default judgment. Considering the factors needed to determine whether entry of default is proper, it appears that entry of default judgment is suitable.

Having concluded that entry of default is appropriate, in regard to Defendants El Rancho and Pena, the question of damages must be addressed. It has been held that "[default judgment] may not be entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation." *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). Here, damages can be determined through calculation. Plaintiff's complaint prays for $110,000 alleging a violation of the Communications Act of 1934 (47 U.S.C. § 605 (a), (e)(3)(a), (e)(4), and 18 U.S.C. § 2511 in conjunction with 2520). *See* Rec. Doc. 1 at 8-12. Plaintiff further prays for $60,000 alleging a violation of

---

[1] Court granted in part and denied in part: Granted Plaintiff J&J statutory damages of $5,000 and additional damages of $20,000, $1,000 in attorney fees, and 0.39% post-judgment interest. Denied Plaintiff's request for permanent injunction and court costs.

8

Cable & Television Consumer Protection and Competition Act of 1992 (47 U.S.C. § 553 (c)(3)(A)(ii) and (c)(3)(B)). *See id.* at 11.

In order to determine a just amount of compensatory damages, Plaintiff is directed to file additional documentation into the record **no later than July 30, 2018 and serve same upon Defendants**.

New Orleans, Louisiana, this 23rd day of July, 2018.

_____
SENIOR UNITED STATES DISTRICT JUDGE